**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| JENNA HESTER and CHAD HESTER,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>________________________ |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs Jenna Hester and Chad Hester (collectively, "Plaintiffs") file this COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL against Defendant Wal-Mart Stores East, L.P., ("Defendant") showing this Court as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs are individuals residing the State of Georgia.

2. Defendant is a foreign limited partnership formed and operating under the laws of the state of Delaware and having a principal place of business located at 1 Customer Dr., Bentonville, AR 72716.

3. Defendant is registered to transact business in the state of Georgia and may be served with process through its registered agent – The Corporation

Company at 410 Peachtree Parkway, Suite 4245, Cumming, Forsyth County, GA 30041.

4. Defendant is subject to the personal jurisdiction of this Court.

5. Venue in this court is proper pursuant to 28 U.S.C. §§ 1391(b)(1)-(2).

6. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this matter as there exists complete diversity of citizenship among the parties, and the amount in controversy in this matter exceeds $75,000.00.

## FACTUAL ALLEGATIONS

7. On May 13, 2023, Plaintiff Jenna Hester entered onto commercial premises owned and/or occupied by Defendant and commonly identified as Wal-Mart Supercenter Store #5151 (the "Store") located at 825 Cartersville Highway SE, Rome, Floyd County, Georgia 30161 (the "Premises").

8. Plaintiff Jenna Hester was present on the Premises for the lawful and proper purpose of shopping at the Store.

9. After entering the Store, Plaintiff Jenna Hester obtained a shopping cart and proceeded to the Lawn & Garden section.

10. The Lawn & Garden section of the Store was poorly lit and heavily shadowed due to obstructed lighting.

11. While walking down an aisle in the Lawn & Garden section of the Store, the shopping cart Plaintiff Jenna Hester was pushing rolled over one or more pallet bands which had been left on the floor.

12. One or more of the pallet bands became tangled in the shopping cart and wrapped around Plaintiff Jenna Hester's left foot and ankle causing her to trip and fall forward.

13. As a direct and proximate result, Plaintiff Jenna Hester suffered bodily injuries and related general and special damages.

## COUNT I – PREMISES LIABILITY

14. Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 13 above as if fully restated here.

15. On May 13, 2023, Plaintiff Jenna Hester was an invitee of Defendant.

16. As an owner or occupant of land, Defendant had a duty to use ordinary care in making the Premises and its approaches safe for invitees such as Plaintiff Jenna Hester.

17. Prior to Plaintiff's May 13, 2023 fall on the Premises, Defendant had actual or constructive knowledge of the hazard posed by the foreign object which caused Plaintiff Jenna Hester to trip and fall.

18. Defendant's knowledge of the hazard posed by the foreign object was superior to that of Plaintiff Jenna Hester.

19. Defendant breached its duty of ordinary care by, among other things, failing to remedy, remove, or warn invitees of the hazard presented by the foreign object.

20. As the direct and proximate result of Defendant's foregoing negligence, Plaintiff Jenna Hester tripped, fell forward, and suffered personal injuries and related damages.

**COUNT II – DAMAGES**

21. Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 20 above as if fully restated here.

22. As the direct and proximate result of Defendant's foregoing negligence, Plaintiff Jenna Hester tripped, fell, and suffered personal injuries resulting in significant physical pain and mental suffering, which Plaintiff Jenna Hester will continue to experience in the future.

23. As the direct and proximate result of Defendant's foregoing negligence, Plaintiff Jenna Hester has incurred medical expenses for the necessary care and treatment of her injuries in amounts to be proven at trial.

24. As the direct and proximate result of Defendant's foregoing negligence, Plaintiff Jenna Hester will incur additional medical expenses for future medical care and treatment of her injuries.

25. Defendant is liable for all damages proximately caused by its failure to make the Premises safe for Plaintiff on May 13, 2023.

## COUNT III – LOSS OF CONSORTIUM

26. Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 25 above as if fully restated here.

27. On May 13, 2023, Plaintiffs were married and remain married to the present day.

28. The physical injuries Plaintiff Jenna Hester suffered due to the May 13, 2023 fall incident has interfered with Plaintiffs' marital relationship.

29. Plaintiff Chad Hester has suffered a loss of companionship and affection with his wife due to the injuries she suffered in the May 13, 2023 fall incident.

30. As a result of the injuries suffered by Plaintiff Jenna Hester in the May 13, 2023 fall incident, Plaintiff Chad Hester has had to take care of his wife and has been deprived of the service and assistance of his wife.

31. Defendant is liable to Plaintiff Chad Hester for his loss of consortium with his wife.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand that this matter be tried before a jury.

WHEREFORE, Plaintiffs respectfully prays as follows:

1. That judgment be entered in favor of Plaintiffs and against Defendant;
2. That Plaintiff Jenna Hester be awarded special damages for her past and future medical expenses in amounts to be proven at trial;
3. That Plaintiff Jenna Hester be awarded general damages for her past and future physical pain and mental suffering in amounts to be determined by the enlightened conscience of the jury;
4. That Plaintiff Chad Hester be awarded damages for his loss of consortium with Plaintiff Jenna Hester in amounts to be determined by the enlightened conscience of the jury;
5. That all costs of suit be taxed against Defendant;
6. That the Court award Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully Submitted on: March 31, 2025.

**H.L. CROMARTIE III, P.C.**

/s/ Matthew W. Hurst
H.L. Cromartie, III
Georgia Bar No.: 197190
Matthew W. Hurst
Georgia Bar No.: 742339
*Attorneys for Plaintiff*

401 Broad Street, Suite 300
P.O. Box 1897
Rome, GA 30162-1897
(706) 802-0251 (Phone)
(706) 802-0252 (Facsimile)
rick@hlcromartielaw.com
matt@hlcromartielaw.com