IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JENNA HESTER and CHAD HESTER,

Plaintiffs,

v.

WAL-MART STORES EAST, L.P.,

Defendant.

Civil Action File No. 4:25-CV-00071-WMR

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COME NOW all parties to the above-styled action and present this preliminary report and discovery plan to the court as follows:

1. Description of Case:

(a) Describe briefly the nature of this action.

**This is a premises liability action in which Plaintiff alleges Defendants are liable for her injuries sustained as a result of a trip at Walmart Store #5151 located at 825 Cartersville Hwy, SE, Rome, GA on or around May 13, 2023.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence:

**Plaintiff Jenna alleges that on May 13, 2023, she tripped at Walmart Store #5151 due to some pallet bands that were on the floor. Plaintiff Jenna alleges she suffered injuries as a result of this incident. Walmart denies the allegations and denies liability.**

The legal issues to be tried are as follows:

- **Negligence**
- **Causation/Proximate Causation**
- **Damages**
- **Comparative Negligence**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: **None.**

(2) Previously Adjudicated Related Cases: **None**.

2. This case is complex because it possesses one (1) or more of the features listed below (please check):

__ (1) Unusually large number of parties

__ (2) Unusually large number of claims or defenses

_ (3) Factual issues are exceptionally complex

**X** (4) Greater than normal volume of evidence

**X** (5) Extended discovery period is needed

__ (6) Problems locating or preserving evidence

__ (7) Pending parallel investigations or actions by government

__X (8) Multiple use of experts

__ (9) Need for discovery outside United States boundaries

__ (10) Existence of highly technical issues and proof

__ (11) Unusually complex discovery of electronically stored information

3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**For Plaintiffs:**
Matthew W. Hurst
Georgia Bar No. 742339
H.L. Cromartie, III,, PC
401 Broad St.
Rome, GA 30161
(706) 802-0251
matt@hlcromartielaw.com

**For Defendant:**
Nicholas E. Deeb
Georgia Bar No. 117025
McLain & Merritt, PC
3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 266-9171
ndeeb@mmatllaw.com

4. Jurisdiction:

Is there any question regarding this court's jurisdiction?

___ Yes **_X_ No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. Where there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. Parties to This Action:

(a) The following persons are necessary parties who have not been joined:

**None known at this time.**

(b) The following persons are improperly joined as parties:

**Not applicable.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None known at this time.**

(c) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the

statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

**None known at this time.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* Before the close of discovery or within the extension

period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* Within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**At this time, the parties do not request a scheduling conference. The parties may request a scheduling conference following the close of discovery.**

10. Discovery Period:

The discovery period commences thirty (30) days from the date of removal of this case to the federal court. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-month discovery period, and (c) eight (8)-month discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Duty, breach, proximate causation, and damages (i.e. Plaintiff's medical treatment); contributory or comparative negligence, equal or superior knowledge.**

If the parties anticipate that additional time beyond that allowed by the assigned track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties request a six-month period for fact discovery, followed by a three-month period for expert discovery. Specifically, the parties propose the following schedule:**

- **Fact discovery ends on November 27, 2025**
- **Plaintiff's deadline for designating experts: November 27, 2025**
- **Defendants' deadline for designating experts: December 26, 2025**
- **Deadline for expert supplemental reports: January 26, 2026**
- **Expert discovery ends February 25, 2026**
- **Motions for Summary Judgment due March 27, 2026**

<u>Expert Witnesses</u>

1. <u>Designation of Experts</u>

**The parties have not yet determined if either will call an expert at the trial of this matter.**

**The Plaintiff must disclose the identity of an expert witness on or before November 27, 2025.**

**The Defendant must disclose the identity of an expert witness on or before December 26, 2025.**

**Any rebuttal must be submitted within 30 days after the other party's disclosure. See F.R.C.P. 26(a)(2)(D)(ii).**

**Any disclosure of an expert witness who is not required to provide a written expert report under Rule 26(a)(2)(B) must comply with Rule 26(a)(2)(C) and disclose the identity of the witness, the subject matter on which the witness is expected to present expert testimony, and a summary of the facts and opinions to which the witness is expected to testify.**

**2. Expert Reports**

**Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before January 26, 2026. No additional supplemental reports may be disclosed or provided after this date without leave of Court.**

11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

(b) Is any party seeking discovery of electronically stored information?

__X__Yes ______ **No**

If "yes,"

**(1)** The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties do not anticipate significant e-discovery, and most if not all documents to be exchanged may be in PDF, printed, or native format. The parties have agreed that should relevant, discoverable electronic materials be revealed during the course of discovery, they will confer and discuss the sources and scope of the production of such items and the format for the production of such items for the purposes of agreements relative to the production of such items. The parties do not intend to waive any potential objections to discovery requests by making this statement.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (.PDF), or native), method of production (e.g., paper of disk), and the inclusion or

exclusion and use of meta data, and have agreed as follows: The parties are willing to work with one another regarding the production of any and all electronically stored information in the format it is usually maintained. Specifically, there is no objection to the production of electronically stored information in the .PDF format.

**The parties have agreed to produce discoverable materials in electronic form in lieu of paper copies whenever possible.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)? **None.**

13. Settlement Potential.

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **June 5 , 2025** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

(b) All parties were promptly informed of all offers of settlement and

following discussion by all counsel, it appears that there is now:

(_X_) A possibility of settlement before discovery.

(_X_) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

(______) No possibility of settlement.

(c) Counsel **(_X__)** do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is: **To be determined.**

(d) The following specific problems have created a hindrance to settlement of this case.

**None.**

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this __________ day of _______________, of 2025.

(b) The parties **( X )** do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 19th day of June, 2025.

*/s/ Matthew W. Hurst*
Matthew W. Hurst
Georgia Bar No. 742339
Attorney for Plaintiff
401 Broad St.
Rome, GA 30161
(706) 802-0251
matt@hlcromartielaw.com

*/s/Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 1101725
Attorney for Defendant
3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30326-3240
(404) 365-4535
ndeeb@mmatllaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JENNA HESTER and CHAD HESTER,

Plaintiffs,

v.

WAL-MART STORES EAST, L.P.,

Defendant.

______________________________/

Civil Action File No. 4:25-CV-00071-WMR

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amended the pleadings, filing motions, completing discovery, and discussing settlement are as follows:

- **Fact discovery ends on November 27, 2025**
- **Plaintiff's deadline for designating experts: November 27, 2025**
- **Defendants' deadline for designating experts: December 26, 2025**
- **Deadline for expert supplemental reports: January 26, 2026**
- **Expert discovery ends February 25, 2026**
- **Motions for Summary Judgment due March 27, 2026**

IT IS SO ORDERED, this ___________day of __________, 2025.

________________________________
HONORABLE WILLIAM M. RAY
UNITED STATES DISTRICT JUDGE